NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. JOSHUA ALLEN MORGAN, Defendant - Appellant. | No. 24-5520 D.C. No. 1:11-cr-00090-SPW-1 MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted May 21, 2025**

Before:     SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Joshua Allen Morgan appeals from the district court's judgment and

challenges the 24-month sentence imposed upon the third revocation of his

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Morgan contends that the 24-month sentence is substantively unreasonable

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

because the district court elected to run it consecutively to the 262-month sentence for his new offense. In his view, a concurrent sentence would have been sufficient to serve the purposes of sentencing. We review this claim for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court did not abuse its discretion. Contrary to Morgan's assertion, the court understood it could impose a fully concurrent sentence. It reasonably declined to do so, however, because it believed a separate sanction was warranted for the serious and ongoing conduct underlying the revocation. *See United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007) (purpose of a revocation sentence is to sanction the defendant's breach of the court's trust). In light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Morgan's repeated violations of the terms of his supervision and the need to protect the public, the consecutive 24-month sentence is substantively reasonable. *See* U.S.S.G. § 7B1.3(f); *Gall*, 552 U.S. at 51.

**AFFIRMED**.